UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MARIA KYVELOU, and
MARIA KYVELOU, MOTHER and NATURAL GUARDIAN
OF M.Z., AN INFANT UNDER THE AGE OF 15 YEARS OLD
and OF A.Z. AN INFANT UNDER THE AGE OF 15 YEARS OLD
                                      plaintiffs,

                           Civil Action No.: 15 CV 1208

      -against-

                           **AMENDED COMPLAINT**

THE CITY OF NEW YORK and POLICE OFFICER
THOMAS RAMIREZ, TAX REG. #939274, DETECTIVE
DEMARCO, TAX REG. 921059, LT. PETER HIRSCH aka
PETER HSIEH TAX REG. #921431, LT. MARK CRAWFORD,
DETECTIVE CHRISTOPHER SAVAGE, DETECTIVE
MATTHEW BORDEN Shield #20404, DETECTIVE
MICHAEL KELLY TAX REG.# 935104, POLICE OFFICE
RICHARD CHARLES Shield #27158 AND UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS                       **JURY TRIAL DEMAND**
                                 Defendants
---------------------------------------------------------------------X

       plaintiffs by his attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

### PRELIMINARY STATEMENT

1.    This is a civil action against the City of New York and Police Officer Thomas Ramirez, Tax Reg. #939274, Detective DeMarco, Tax Reg. 921059, Lt. Peter Hirsch aka Hsieh, Lt. Mark Crawford, Detective Christopher Savage, Detective Matthew Borden, Detective Michael Kelly, Police Officer Richard Charles, and other unidentified New York City Police Officers, to redress the deprivation, under color of state law, of plaintiffs' rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, excessive use of force,

and violations of police and public duties and obligations.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question.  plaintiffs further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3.   These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## VENUE

4.   Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

## PARTIES

5.   That the plaintiffs, MARIA KYVELOU, and her infant daughters M.Z. and A.Z. all reside in Queens, New York.

6.   At all times hereinafter mentioned, the defendant CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants, City of New York and its Police Department, Police Officer Thomas Ramirez, Tax Reg. #939274, Detective DeMarco, Tax Reg. 921059, Lt. Peter Hirsch aka Hsieh, Lt. Mark Crawford, Detective Christopher Savage, Detective Matthew Borden, Detective Michael

Kelly, Police Officer Richard Charles, and other unidentified New York City Police Officers were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

7. That at all times hereinafter mentioned, defendant(s) Police Officer Thomas Ramirez, Detective DeMarco, Lt. Peter Hirsch aka Hsieh, Lt. Mark Crawford, Detective Christopher Savage, Detective Matthew Borden, Detective Michael Kelly, Police Officer Richard Charles, and other unidentified police officers, were employed by the defendant, CITY OF NEW YORK, as members of its police department.

8. That at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9. The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, as well as pursuant to the common law of the State of New York and the New York State Constitution.

11. Each and all of acts of the defendants alleged herein were done by the defendants, while acting as state actors acting under the color of law and within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant THE CITY OF NEW YORK.

13. All defendant officers are being sued in both their individual and official capacities.

14. Each and all of acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## NOTICE OF CLAIM

15. That on or about September 23, 2014, a Notice of Claim, was served upon the Comptroller of the CITY OF NEW YORK.

16. The 50H hearing of Plaintiff Maria Kyvelou was conducted on January 7, 2015.

17. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

18. That this action is commenced within one year and ninety days after the causes of action arose and other causes of action within three (3) years when said action arose.

## STATEMENT OF FACTS

19. On September 5, 2014, at approximately 6:15 p.m. inside the location of 73-11 21st, Avenue, 1st floor, Queens, NY, New York City police officers, the defendant officers herein, broke the door to said location and upon entering either one of the defendants herein or an unidentified New York City Police Officer immediately struck the claimant in the forehead with a weapon causing her to loose consciousness and fall.

20. At no time did the plaintiff Maria Kyvelou strike or attempt to strike or assault anyone including said officer.

21. Thereafter the defendants cuffed plaintiff Maria Kyvelou while she was unconscious on the floor bleeding from her forehead.

22. The defendants also seized and cuffed plaintiff's Maria Kyvelou's daughter, M.Z., who witnessed the above assault and battery, all without probable cause.

23. Plaintiff Maria Kyvelou's younger daughter, A.Z. was also forcibly taken out of bed and seized all without probable cause.

24. The claimant, Maria Kyvelou, had done nothing to provoke such an assault and battery, she

had finished washing dishes and had nothing in her hands..

25. All claimants were unlawfully seized. All of the above conduct was performed without probable cause and was unreasonable under the circumstances therein.

26. Subsequently thereto, a superior officer, defendants herein, demanded that the cuffs be taken off both plaintiff and her daughter.

27. Thereafter, the defendants left the claimant there without calling for medical assistance.

28. The claimant suffered a laceration of the forehead, concussion and other injuries.

29. The claimant was subsequently taken to the hospital where she was treated for said injures.

30. The defendants and the unidentified officers use of force was neither reasonable nor justified under the circumstances.

31. The defendants and the unidentified officers use of force were excessive and without legal justification, without the authority of law, and without reasonable necessity to use such force.

32. The defendants and unidentified officers failed to intervene to prevent violation of plaintiffs' civil rights from occurring. Neither of the defendants reported the unwarranted use of excessive force as required.

33. The plaintiff, Maria Kyvelou suffered a laceration to the forehead resulting in a scar, concussion, and injuries to her cervical and lumbar spine.

34. These plaintiffs were not arrested nor had plaintiffs committed any crimes or infractions.

35. The full extent of injuries to plaintiff Maria Kyvelou are unknown at this time.

36. As a result of the defendants' and unidentified officers' use of excessive force, the plaintiffs were caused to suffer irreparable harm, permanent physical injury, economic injury, and continuous violations of their civil rights and other injury.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF plaintiffs MARIA KYVELOU AND INFANTS M.Z. AND A.Z. DEPRIVATION OF CIVIL RIGHTS 1983

37. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

38. The conduct and actions of Defendants Officers and other unidentified New York City police officers, under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiffs to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiffs of their rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

  (a) plaintiffs were deprived of her First Amendment right to speak freely and to petition the government for redress of grievances;

  (b) plaintiffs were deprived of her Fourth Amendment constitutional right to be free from unreasonable seizures of her person;

  (c) plaintiffs were deprived of her Fourth Amendment right to be free from the use of excessive or unreasonable force;

  (d) plaintiffs were deprived of her Fourteenth Amendment right to liberty, without due process of law;

  (e) plaintiffs were deprived of her Fourteenth Amendment right to equal protection of law;

39. As a result of the defendants' conduct, plaintiffs, sustained emotional and physical injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS' VIOLATION OF THE THEIR RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE USE OF EXCESSIVE AND UNREASONABLE FORCE

40. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

41. That the plaintiffs' rights have been violated under the Fourth and Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiffs were unlawfully subjected to excessive and unreasonable force by defendants and unidentified police officers, who either intentionally, recklessly or negligently assaulted and battered plaintiffs.

42. That the said assault and battery of the plaintiff MARIA KYVELOU was effected by defendants and unidentified police officers without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

43. As a direct result of defendants' and unidentified police officers' actions, plaintiffs was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' rights to be free from the use of excessive and unreasonable force.

44. That all the defendants and unidentified police officers who witnessed the use of excessive force against the plaintiffs and who had a reasonable opportunity to intervene and prevent her being injured and who failed to do so are liable to the plaintiffs via their failure to exercise their affirmative duty to intervene.

45. That by reason of the unlawful use of excessive and unreasonable force, the plaintiffs were harmed physically, requiring her to received medical attention and she was subjected to physical pain, humiliation, embarrassment, anxiety, closed confinement, and that she will be subjected to continuing physical harm, pain, future surgeries and expenses for and will continue to incur medical expenses, and that plaintiffs was otherwise harmed.

### AS AND FOR A THIRD CAUSE OF ACTION
### LIABILITY OF DEFENDANT CITY
### FOR CONSTITUTIONAL VIOLATIONS MONELL (STATE & FEDERAL)

46. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

47. At all times materials to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the NEW YORK CITY POLICE DEPARTMENT, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

48. The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to assault and battering persons with justification thereto, and thereafter concealing same to superiors, I.A.B. and CCRB.

49. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and unidentified officer(s) herein, for their refusal to report assault and battery of a person by fellow officers, where there was no justification thereof.

50. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

51. Despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

52. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons, assaulting persons by the use of excessive and unlawful force, and thereafter falsifying official records etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of her civil rights.

53. That the defendant municipality, NYC, alerted to the existence of a significant number of illegal seizures and arrests, by its police officers, by repeated complaints, of false arrest, and the use of excessive and unlawful force, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

54. That the defendant municipality, NYC, has also been alerted by its employee officers to cover up the use of excessive and unlawful force by its police officers, and that the culture of violence by NYPD has been allowed to exist without repercussions to the officers who engage in such behavior. This behavior was permitted to continue in the case at bar.

55. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. Where the use of unlawful and excessive force is concealed by a conscious effort by all officers to conspire and thus conceal such conduct. Where the upward mobility of the officers within ranks is accomplished. This conduct is open and notorious and frequently used by officers to conceal improper conduct by said officers. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

56. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

57. Each and every year, thousands of civil rights actions alleging illegal seizure and false arrest and unlawful imprisonment and the use of excessive and unlawful force by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false

arrest, unlawful and excessive force and unlawful imprisonment by the defendant New York City police officers: Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos, Escobar 08 CV 1456, Cabral Duarte 06 CV 5523, Theodore Richardson 07 CV 3651. These matters were settled by the Defendant NYC. A multitude of similar matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

58. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

    (a)    Has failed to properly train, instruct, and discipline police officers with regard to the duty to intervene and to report violations of civil rights;

    (b)    Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

    (c)    Has failed to properly train, instruct, and discipline police officers with the use of excessive and unlawful force;

    (d)    Has failed to properly train, instruct, and discipline supervising officers with regard to their review of charges and reports of matters involving injury to persons and of use of force and excessive force thereon;

    (e)    Has failed to properly instruct, and discipline police officers with regard to perjuries testimony and police reports;

    (f)    Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

    (g)    Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an

officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(h) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(i) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

59. Defendant City of New York is directly liable and responsible for the acts of defendants and unidentified officers because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

60. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiffs alleged herein.

61. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiffs of her rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiffs' rights, right to be free from the use of excessive force, right to due process, and right to equal protection of the laws.

62. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

63. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiffs herein.

64. As a result of the foregoing, plaintiffs sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF plaintiffs
### NYS CONSTITUTIONAL VIOLATIONS

65. plaintiffs repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

66. Defendants subjected plaintiffs to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiffs of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

(a) plaintiffs were deprived of their rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

(b) plaintiffs were deprived of their rights to be free from the use of excessive or unreasonable force in the course of either a lawful or an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

(c) plaintiffs were deprived of their rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

67. As a result of the defendants' conduct, MARIA KYVELOU, sustained great emotional and physical injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF plaintiffs,
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained

in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

69. By the actions described above, the defendants and other unidentified defendant officers, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotion distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

70. As a result of the foregoing, plaintiffs sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF plaintiffs
### NEGLIGENCE

71. plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

72. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) failed to perform their duties as reasonable and prudent officers where the defendant(s) officers viciously assaulted and battered persons and other defendant officers recklessly and negligently ignored same.

(b) failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful use of excessive force,

(c) hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would

      conspire and falsely arrest persons or fail to report any person they have injured, in an effort to conceal their assaultive conduct and their unlawful use of force, and excessive unreasonable use of force;

(d)   failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) the obligation of police officers to intervene, as an affirmative duly to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(e)   failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

73. Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiffs. The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

74. All of these acts were performed without any negligence on the part of the plaintiffs and were the proximate cause of injuries to her.

75. As a result of the foregoing, plaintiffs sustained great emotional and physical injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF plaintiffs,
## FAILURE TO INTERVENE

76. plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

77. Each and every individual defendant officer had an affirmative duty to intervene on plaintiffs' behalf to prevent the violation of her constitutional rights.

78. The individual defendant officers failed to intervene on plaintiffs' behalf to prevent the

violation of her constitutional rights despite having a realistic opportunity to do so.

79. As a result of the aforementioned conduct of the individual defendants and other unidentified officers, plaintiffs' constitutional rights were violated and they were subjected to use of excessive force and other violations of her constitutional rights.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## ON BEHALF OF plaintiffs
## ASSAULT AND BATTERY

80. plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

81. By the actions described above, defendants and unidentified police officers while in the scope of their employment, maliciously, willfully and intentionally committed assault and battery upon the plaintiffs with apparent ability and objective to cause imminent harm and offense bodily harm and subjected plaintiffs to physical injury and harm and embarrassment and humiliation. The defendants and unidentified officers intentional willfully and maliciously battered plaintiffs, when they, in a hostile and offensive manner struck plaintiffs without her consent and with the intentions of causing harmful and/or offensive bodily contact to the plaintiffs and caused such battery. The acts and conduct of the defendants and other unidentified police officers were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

82. As a result of the foregoing, plaintiffs sustained great emotional injuries, was subject to great humiliation, physically harmed and was otherwise harmed, damaged and injured.

## AS AND FOR AN NINTH CAUSE OF ACTION

### ON BEHALF OF plaintiffs, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT HIRING AND RETENTION,

83. plaintiffs repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

84. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the use of excessive force and other violations of plaintiffs' civil rights.

85. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants officers and other unidentified officers, to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF plaintiffs, CLAIM OR RELIEF UNDER NY STATE LAW NEGLIGENT TRAINING AND SUPERVISION,

86. plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

87. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the seizure, the use of excessive force and violations of plaintiffs' civil rights.

### AS AND FOR A ELEVENTH CAUSE OF ACTION RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

88. plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

89. The conduct of defendants officers, and other unidentified police officers alleged herein, occurred while they were on duty, in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant CITY OF NEW YORK. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs, and violated plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

90. As a result of the foregoing, plaintiffs was deprived of their constitutional rights, subjected to the use of excessive force and sustained great emotional and physical injuries, were subject to great humiliation, and were otherwise harmed, damaged and injured.

## VICARIOUS LIABILITY

91. plaintiffs incorporate by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

92. The defendants, employees and members of the NYC police department, an agency of the Defendant City of New York, subjected plaintiffs to use of excessive force and other violations of plaintiffs' civil rights; therefore under doctrine of vicarious liability, the defendant City of New York is libel for all acts occurring after and during the battery and use of excessive force.

93. As a result of the foregoing, plaintiffs sustained great emotional and physical injuries, was

subject to great humiliation, and was otherwise harmed, damaged and injured.

    **WHEREFORE**, the plaintiffs demands judgment :

A. Compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

B. Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:  Queens, New York      Yours, etc.,
     December 1, 2015

                 EDWARD ZALOBA, Esq.
                 118-21 Queens Boulevard, Ste. 504
                 Forest Hills, New York 11375
                 (718) 261-3000